

RECEIVED
IN LAKE CHARLES, LA
MAY 24 2016
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| UNITED STATES OF AMERICA | : | DOCKET NO. 6:15CR00253-01 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| PAUL JOSEPH VIOLA | : | MAGISTRATE JUDGE CAROL WHITEHURST |

MEMORANDUM RULING

Before the court is the defendant's Motion to Dismiss Counts 1 and 2 of the Indictment for Failure to State an Offense (Rec. Doc. 29). The Government filed an Opposition (Rec. Doc. 33) to which Viola filed a Reply (Rec. Doc. 34) and the Government filed a surreply (Rec. Doc. 35).

Procedural Posture

The defendant, Paul Viola ("Viola"), was charged in a two count indictment by a Grand Jury for the Western District of Louisiana. Count 1 charges a violation of 18 U.S.C. § 922(g)(1) which prohibits the possession of a firearm by a convicted felon.[1] Count 2 charges a violation of 18 U.S.C. §922(g)(1) which prohibits possession of ammunition by a convicted felon.

---

[1] 18 U.S.C. § 921(a)(20) defines a "crime punishable by imprisonment for a term exceeding one year" as follows:
> What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms. 18 U.S.C.A. § 921 (West)

Argument and Analysis

The defendant moves for the dismissal of these counts based upon a pardon that he received from the State of Louisiana. Viola was convicted of a felony in Pointe Coupee Parish. On March 18, 2011, Viola was granted a first offender pardon by the State. This Pardon, attached as exhibit A to the defendant's motion, explicitly states that "[t]he right to receive, possess or transport a firearm may not be restored unless all legal provisions are met and should be determined through the local law enforcement agency. This first offender pardon is also subject to La. Const. Art. I, Section 10 and does not restore a person's right to qualify as a candidate for elective public office or take public elective office or appointment of honor, trust, or profit for a period of more than fifteen (15) years after completion of his original sentence...". Viola asserts that this document "shows that he discharged his sentence...and that all rights of citizenship and franchise were restored to him in Louisiana." (Mem. In Support, p. 2).

Viola argues that there is no law in Louisiana that prohibits a convicted felon from possessing ammunition, therefore Count 2 should be dismissed. The Government asserts that there is a federal law, 18 U.S.C. §922(g)(1) which states:

> **(g)** It shall be unlawful for any person--
> **(1)** who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;...
> to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any *firearm or ammunition*; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce. (Emphasis added).

18 U.S.C.A. § 922 (West).

18 U.S.C. § 921(a)(20) defines a "crime punishable by imprisonment for a term exceeding one year" as follows:

2

> What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms. 18 U.S.C.A. § 921 (West)

Viola also argues that Count One should be dismissed because the "Louisiana Constitution has made it clear that the rights of citizens to keep and bear arms is a fundamental right." and because the Second Amendment of the United States Constitution guarantees his right to bear arms. The Government asserts that Viola lost that right upon becoming a convicted felon.

Although Viola states that he has not been provided with a certified copy of a Judgment regarding the underlying felony conviction, he acknowledges that he was charged in the 18th Judicial District Court for Pointe Coupee Parish with a felony. For the purposes of §922(g)(1), he has been convicted of a felony.

In *United States v. Dupaquier*, 74 F.3d 615, 617 (5th Cir. 1996) cited by Viola, count one charged Dupaquier with violation of 18 U.S.C. section 922(g)(1). Dupaquier challenged his conviction on count one on the ground that he was not "convicted" within the meaning of section 922(g)(1). Dupaquier did not deny the fact of the predicate convictions upon which the prosecution was based. He contended, however, that his civil rights were restored by state law prior to his arrest in 1990; thus pursuant to 18 U.S.C. 921(a)(20) (1988), he was not a convicted felon for the purposes of section §922(g)(1).

The *Dupaquier* court reasoned that this statute was enacted "to give federal effect to state statutes that fully 'restore' the civil rights of convicted felons when they are released from prison....," § 921(a)(20) defines conviction of a crime for purposes of section 922(g)(1). *Thomas,* 991 F.2d at

3

209. To determine whether a convicted felon's rights were "restored" under § 921(a)(20), the court adopted a two-part test: first ask whether "the state which obtained the underlying conviction revives essentially all civil rights of convicted felons, whether affirmatively with individualized certification or passively with automatic reinstatement...." *Thomas*, 991 F.2d at 213. If so, "then determine whether the defendant was nevertheless expressly deprived of the right to possess a firearm by some provision of the restoration law or procedure of the state of the underlying conviction." Id; *Dupaquier*, 74 F.3d at 617 (5th Cir. 1996).

*Dupaquier*, however, was decided prior to *Caron. v. United States*, 524 U.S. 308(1998) cited by the Government. In *Caron*, the United States analyzed the restoration rights in Massachusetts and gave an "all or none" analysis. In *Caron*, the Supreme Court stated that federal law determines if a felon's rights have been restored, not state law, and held that if there are *any* restrictions, then restoration is insufficient for federal purposes. Decisions of the Sixth and Ninth Circuits in *United States v. Sanford*, 707 F.3d 594 (6th Cir.2012) and *Van Der Hule v. Holder*, 759 F.3d 1043 (9th Cir. 2014), respectively, hold that under *Caron*, a statutory inability to obtain a concealed carry permit triggers the "unless clause." The Government argues that, in Louisiana, a convicted felon cannot obtain a concealed carry permit[2], therefore their rights have not been fully restored and the Louisiana first offender pardon is incomplete for the purposes of federal law.[3]

---

[2] La.R.S. 40:1379.3(C)(10); See also *United States v. Sam*, No. CR 6:15 00254, 2016 WL 1600229, at *1 (W.D. La. Mar. 23, 2016), report and recommendation adopted sub nom. UNITED STATES OF AMERICA v. GREGORY SAM (01), No. CR 6:15 00254, 2016 WL 1573002 (W.D. La. Apr. 18, 2016).

[3] See 27 CFR 478.142 "(b) A pardon granted by the Governor of a State or other State pardoning authority or by the pardoning authority of a foreign jurisdiction with respect to a conviction, or any expunction, reversal, setting aside of a conviction, or other proceeding rendering a conviction nugatory, or a restoration of civil rights shall remove any disability which otherwise would be imposed by the provisions of this part with respect to the conviction, unless..
(2) The pardon, expunction, setting aside, or other proceeding rendering a conviction nugatory, or restoration of civil

Since the *Dupaquier* decision, the state of Louisiana amended and re-enacted a statute which expressly forbids all persons convicted of a felony offense from obtaining a concealed carry permit. La. R.S. 40:1379.3. This lifetime restriction on a convicted felon's ability to obtain a concealed carry permit went into effect on April 19, 1996. Acts 1996, 1st Ex.Sess., No. 4, § 1.

In *United States v. Sanford,* 707 F.3d 594 (6th Cir.2012), the Sixth Circuit addressed whether, under *Caron,* a state statute prohibiting the defendant, whose civil rights had been restored by operation of state law upon his release from incarceration, from obtaining a concealed weapons permit by virtue of his prior state conviction triggered the "unless clause." The Court concluded that the inability of the defendant to obtain a concealed weapons permit restricted his ability to "transport" a firearm which was sufficient to trigger the "unless clause." *Sanford,* 707 F.3d at 596.

The Sixth Circuit acknowledged that the defendant's ineligibility to obtain a concealed weapons permit "severely hindered, but did not completely eliminate, his ability to transport a handgun", as well as the ambiguity of the text of the statute as to whether such a restriction triggers the "unless clause." *Id.* The Sixth Circuit held, however, that the Supreme Court's decision in *Caron,* adopting an "all or nothing" interpretation resolved any ambiguity, and compelled a finding that the statutory restriction triggered the "transport" element of the "unless clause." *Id.*

The Sixth Circuit reasoned that "[j]ust as the restriction in *Caron* was not a blanket ban on all handgun possession, the restriction [at issue was] not a blanket ban on all pistol transportation." *Id.* at 597. However, "[l]ogistically, Sanford's restrictions [were] similar to *Caron's:* Sanford [was]

---

rights ***did not fully restore*** the rights of the person to possess or receive firearms under the law of the jurisdiction where the conviction occurred. (Emphasis added). 27 C.F.R. § 478.142

5

allowed to carry his firearm in his dwelling house, place of business, or on other land possessed by him, but his inability to obtain a concealed weapons permit denie[d] him the freedom to carry a pistol concealed on or about his person anywhere in the state." *Id.* (internal quotations and citations omitted). Because "Sanford [did] not have the same freedom to transport his firearm as a Michigan citizen without a domestic assault record", under the "all or nothing" approach adopted in *Caron,* this restriction was sufficient to trigger the "unless clause." *Id.* Therefore, the defendant's prior state court conviction was a proper predicate offense and the defendant's federal firearms possession conviction was upheld. . Sam, No. CR 6:15 00254, 2016 WL 1600229 at *4.

Although the Fifth Circuit has not addressed this precise issue, this Court finds the reasoning in *Sanford* persuasive and correct under the *Caron* decision. Louisiana law, like the state law at issue in *Sanford,* prohibits convicted felons, like Viola, from obtaining a concealed carry permit. This restriction prohibits Viola from both possessing and transporting a firearm in the same manner as those who do not have a felony conviction. Federal law further limits Viola's right to possess ammunition. *Caron,* is sufficient to trigger the federal ban contained in the "possess" and "transport" elements of the "unless clause" of § 920(a)(20). Therefore, Viola's prior state court felony conviction is a proper predicate offense for both Counts One and Two of the Indictment charging him with possession of a firearm and possession of ammunition by a prohibited person in violation of 18 U.S.C. § 922(g)(1).

Accordingly, the defendant's Motion to Dismiss Counts One and Two will be denied.

Lake Charles, Louisiana, this 23 day of May, 2016.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

6