RECEIVED
IN LAKE CHARLES, LA.

DEC 22 2016

TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 6:15-CR-00253-01 |
| v. | |
| PAUL JOSEPH VIOLA | JUDGE MINALDI |
| | MAGISTRATE JUDGE WHITEHURST |

## MEMORANDUM RULING

Presently before the court is the defendant's Motion to Reconsider (Rec. Doc. 47) Ruling on Motion to Dismiss (Rec. Doc. 38), a Response in Opposition (Rec. Doc. 48) by the government, a Reply (Rec. Doc. 49) by the defendant, a Sur-Reply (Rec. Doc. 50) by the government, and Reply to the Sur-Reply (Rec. Doc. 51) by the defendant. For the following reasons, Motion to Reconsider (Rec. Doc. 47) will be **DENIED**.

## FACTS & PROCEDURAL HISTORY

The defendant, Paul Viola was charged in a two count indictment by a Grand Jury for the Western District of Louisiana. Count 1 charges a violation of 18 U.S.C. § 922(g)(1) which prohibits the possession of a firearm by a person who has been convicted of a crime punishable for more than one year of imprisonment. Count 2 charges a violation of 18 U.S.C. § 922(g)(1) which prohibits possession of ammunition by a person who has been convicted of a crime punishable for more than one year of imprisonment. Under the federal statute, "[a]ny conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction …, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms." 18 U.S.C. § 921(a)(20).

1

On May 24, 2016, this court denied the defendant's Motion to Dismiss Counts 1 and 2 of the Indictment.[1] In the Memorandum Ruling, the undersigned explained Viola's state felony conviction was still considered a conviction under 18 U.S.C. § 921(a)(20) even though he received a first offender pardon by the state of Louisiana for a state felony.[2] The court explained that under *Caron v. United States*, 524 U.S. 308 (1998), a pardoned conviction remains a conviction under § 921(a)(20) if the felon has *any* restrictions on possessing and carrying firearms. Because Viola's pardon specifically stated that his right to receive, possess or transport a firearm was not restored unless he met all legal provisions, the court found that Viola's pardon still imposed restrictions on his ability to possess and a carry a firearm. Therefore, Viola's pardoned conviction was still considered a conviction under federal law.

In his Motion to Reconsider, Viola argues that the conviction cannot be a considered a conviction for Count 2 of the Indictment because Louisiana places no restrictions felons' ability to possess ammunition. The government responds that whether a state prohibits felons from possessing ammunition is irrelevant in determining whether the felon's state-pardoned conviction is a conviction under federal law.

## LAW & ANALYSIS

Neither the parties nor the court could find Fifth Circuit precedent addressing whether an individual could be charged with possession of ammunition when the state conviction imposed no restriction on the defendant's ability to possess ammunition. However, the Seventh Circuit squarely addressed this issue in *United States v. Wilson*, 437 F.3d 616 (7th Cir. 2006). In *Wilson*, the defendant argued even though his prior felony conviction "disable[d] him from possessing firearms[, he was] not prohibited from possessing ammunition because neither [state] law nor

---

[1] Judgment (Rec. Doc. 38).
[2] Memo. Ruling (Rec. Doc. 37).

2

the language of his discharge certificate prohibit[ed] him from possessing ammunition." *Id.* at 619. The Seventh Circuit concluded that:

> [A] federal prosecution for felon in possession of ammunition under § 922(g)(1) is in no manner dependent on whether the state in which the crime is committed has enacted a parallel statute criminalizing the same conduct. It is irrelevant that [the state] does not prohibit felons with discharge certificates from possessing ammunition. *See Caron v. United States*, 524 U.S. 308, 313 (1998) (convicted felon may not possess rifles or shotguns under § 922(g)(1) despite the fact that such possession was permitted to him by state law); *DeRoo v. United States*, 223 F.3d 919, 926 (8th Cir. 2000) ("[W]hether state law allows [the defendant] to possess ammunition is immaterial[.]"); United States v. Fisher, 38 F.3d 1144, 1147 (10th Cir. 1994) ("[T]he defendant can properly be convicted for possession of ammunition under § 922(g)(1), regardless of whether that same possession is prohibited under the state's law.").

*Id.* State law is only relevant is determining whether the defendant is a convicted felon, and it is irrelevant in determining whether federally prohibited activity is allowed. *Id.* "If the pardon, expungement, or restoration of rights provides that the convicted person may not possess firearms, the conviction remains a qualifying predicate for purposes of § 922(g)(1)." *Id.* at 620.

Viola argues that his situation is distinguishable from *Wilson* because he received a first offender pardon, while the defendant in *Wilson* received a discharge certificate. *See id.* at 619. While this distinction may affect the court's analysis of whether the conviction is considered a conviction under § 921, the distinction is not relevant for the question before the court—whether an individual could be charged with possession of ammunition when the state conviction imposed no restriction on the defendant's ability to possess ammunition. The Seventh Circuit found that whether a state law restricted a felon's ability to possess ammunition was irrelevant to the court's analysis of whether the defendant was considered a convicted felon under § 921. *Id.* at 619-20.

3

This court adopts the Seventh Circuit's persuasive reasoning. The fact that Louisiana does not prohibit felons from possessing ammunition is irrelevant to the court's determination of whether Viola is a convicted felon under § 921(a)(20). As explained in this court's previous Memorandum Ruling, Viola is considered a convicted felon despite his first offender pardon, because the pardon restricted his ability to possess and transport firearms.[3] Therefore, because the defendant is a convicted felon as defined in § 921(a)(20), he could violate § 922(g) by possessing ammunition. The court will not dismiss Count 2 of the Indictment. Accordingly, the court will **DENY** the Defendant's Motion to Reconsider (Rec. Doc. 47).

Lake Charles, Louisiana, this 19 day of Dec, 2016.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[3] Memo. Ruling (Rec. Doc. 37).