UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 15-00253 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| PAUL JOSEPH VIOLA | MAGISTRATE JUDGE WHITEHURST |

**MEMORANDUM ORDER**

Currently before the Court is the United States' Motion in Limine and Incorporated Memorandum of Law in Opposition to Introduction of "Mistake of Fact" Evidence and To Issuance of Special Jury Instructions (Record Document 82). The defense opposes this motion (Record Document 83). For the reasons set forth below, the United States' motion is **GRANTED**.

The defendant, Paul Joseph Viola ("Viola"), is charged in a four count Indictment with two counts of possession of a firearm by a convicted felon and two counts of possession of ammunition by a convicted felon. See Record Document 62. Viola does not dispute that he pled guilty to a felony in the 18th District Judicial Court in the Parish of Pointe Coupee, Louisiana. See Record Document 83 at 1. He was placed on probation and successfully completed probation. See id. On or about March 18th, 2011, Viola received a "Verification of First Offender Pardon" letter issued by the Louisiana Department of Public Safety and Corrections. See id., Exhibit A. The letter states that as of March 14th, 2011, Viola had discharged his sentence for his offense and that all rights of citizenship and franchise are restored in Louisiana. See id. The letter further provides:

> The right to receive, possess, or transport a firearm may not be restored unless all legal provisions are met and should be determined through the

local law enforcement agency.

Id.

In March 2016, Viola received a second "Verification of First Offender Pardon" letter issued by the Louisiana Department of Public Safety and Corrections. See id., Exhibit B. This second letter states that as of March 14th, 2011, Viola had discharged his sentence for his offense and that all rights of citizenship and franchise are restored in Louisiana. See id. The letter further provides:

> The right to receive, possess, or transport a firearm may not be restored unless all legal provisions (refer to La. R.S. 14:95.1) are met. Any questions regarding these legal provisions should be directed to your attorney.

Id.

According to defense counsel, Viola intends to introduce these letters and other evidence at trial to show that he did what the March 2011 letter instructed him to do, that is, he checked with a local law enforcement agency to see if he could possess a gun and hunt. See Record Document 83 at 2. Defense counsel submits that the evidence at trial will show that not only Viola, but others on his behalf double checked with the local law enforcement agency to see if it was permissible for Viola to possess a firearm and hunt. See id. Defense counsel maintains that the evidence at trial will demonstrate that Viola "took the affirmative step of following the instructions in the letter, and sought out advice from a local law enforcement agency, and was told that he could possess a firearm." Id. at 3.

The Government has moved to exclude the evidence relating to the letters and argues that special jury instructions regarding the letters and/or a good faith or mistake of fact/mistake of law defense are inappropriate. See Record Document 82 at 1. The

Government submits that evidence relating to the letter "is irrelevant and thus inadmissible, as it tends to prove, at most, an issue that is not properly before the jury." Id.

The first element of Fifth Circuit Pattern Jury Instruction No. 2.43D provides: "*First: That the defendant **knowingly possessed** a firearm [or ammunition] as charged.*"[1] In U.S. v. Schmidt, 487 F.3d 253 (5th Cir. 2007), the court stated that a conviction under Section 922(g)(1) requires proof that the defendant knew that he had possessed a firearm or ammunition. See id. at 254; see also U.S. v. Frazier, 983 F.2d 232 (5th Cir. 1993) ("An offense under 18 U.S.C. § 922(g) is a general intent crime, requiring no proof of scienter. The government must prove that the defendant knowingly received a firearm, not that he knew it was unlawful to receive it or that he knew the firearm had traveled in interstate commerce."). There is no dispute that Viola possessed both the firearms and the ammunition. Viola maintains that he believed, based upon advice from local law enforcement, it was lawful for him to possess the firearms and ammunition.

Viola contends that this is a mistake of fact case. See Record Document 83 at 5. This Court disagrees and finds that this is not a case of mistake of fact; rather, it is a case of mistake of law. As explained in U.S. v. Barker, 546 F.2d 940(D.C. Cir. 1976):

> It is a fundamental tenet of criminal law that an honest mistake of fact negatives criminal intent, when a defendant's acts would be lawful if the facts were as he supposed them to be. A mistake of law, on the other hand, generally will not excuse the commission of an offense. *A defendant's error as to his authority to engage in particular activity, if based upon a mistaken view of legal requirements (or ignorance thereof), is a mistake of law. Typically, the fact that he relied upon the erroneous advice of*

---

[1] Fifth Circuit Pattern Jury Instruction No. 1.37 provides that "knowingly . . . means that the act was done voluntarily and intentionally, not because of mistake or accident." Here, Viola voluntarily and intentionally possessed the firearms and ammunition. His "mistake" was his belief that his possession was lawful.

> *another is not an exculpatory circumstance. He is still deemed to have acted with a culpable state of mind.*

Id. at 946-947 (emphasis added).  Here, Viola maintains that he relied upon the erroneous advice of local law enforcement and believed that he could possess firearms and ammunition.  This mistaken view of legal requirements equates to a mistake of law.

"There are few exceptions to the mistake of law rule.  There is an exception for legitimate reliance on an official interpretation of law."  U.S. v. Duggan, 743 F.2d 59, 83 (2nd Cir. 1984), *citing* Cox v. Louisiana, 379 U.S. 559, 85 S.Ct. 476 (1965).  While both the Government and Viola filed briefs and cited case law in support of their positions, the Court conducted its own independent research as to the applicability of the Cox exception to the mistake of law rule to the current case.  The Court reviewed several decisions discussing both Cox and Raley v. Ohio, 360 U.S. 423, 79 S.Ct. 1257 (1959).  These cases include U.S. v. Brady, 710 F. Supp. 290 (D. Colo. 1989), U.S. v. Bruscantini, 761 F.2d 640 (1985), *superseded by statute on other grounds*, and U.S. v. Golden, 284 Fed.Appx. 646 (11th Cir. June 30, 2008).  This Court finds Bruscantini to be persuasive.  Moreover, the Court notes that the Fifth Circuit cited Bruscantini, Cox, and Raley in U.S. v. Spires, 79 F.3d 464 (5th Cir. 1996).  Spires is binding upon this Court.

In Bruscantini, 761 F.2d 640, the defendant appealed his conviction under Section 922 because the state judge who accepted his nolo plea, as well as the state prosecutor, told him that he was not a convicted felon.  See id. at 642.  Based on an estoppel argument grounded in Cox and Raley,[2] he argued "because he reasonably relied upon the

---

[2] In Brady, the court stated that "the defense recognized by Raley and Cox has been called 'entrapment by estoppel.'"  Brady, 710 F.Supp. at 295.

interpretation of law provided by authoritative state officials, he cannot now be convicted for violating a statute that prohibits convicted felons from possessing firearms." Id. The court reasoned:

> The facts of this case do not warrant application of the rule of Cox and Raley. Here, while state officials provided the interpretation upon which appellant relied, federal officials indicted and convicted him for a violation of federal law. On the other hand, in both Supreme Court decisions, state officials had interpreted state law and subsequently convicted the defendants under that law. This distinction is important here, particularly where the analysis of the federal law, [Section] 922, does not depend on state practice, see Dickerson v. New Banner Institute, Inc., [460 U.S. 103, 103 S.Ct. 986 (1983)], and where knowledge of one's status as a convicted felon is not an element of the offense of receiving firearms. See U.S. v. Goodie, 524 F.2d 515 (5th Cir.1975), *cert. denied*, 425 U.S. 905, 96 S.Ct. 1497 (1976).
>
> The rule of Cox and Raley is a narrow exception to the general principle that ignorance of the law is no defense. It was prompted by the Court's observation that permitting the government to prosecute individuals who reasonably rely upon that government's interpretation of the law would constitute a kind of entrapment. Where, however, the government that advises and the government that prosecutes are not the same, the entrapment problem is different. Moreover, if one benefit of the estoppel defense is that it encourages government officials to better know and articulate the law, that benefit is not present where application of the defense would penalize the wrong government – the government that prosecuted appellant rather than the government that mistakenly and misleadingly interpreted the law. Appellant, therefore, is not insulated from prosecution.

Id. at 641-642. The same rationale applies in the instant matter. The government that advised Viola and the government that is prosecuting Viola are not the same, as Viola relied upon the advice of local law enforcement and he is being prosecuted by the federal government for a violation of federal law.

In Spires, 79 F.3d 464, the Fifth Circuit cited Cox and Raley in discussing the defense of entrapment by estoppel:

> The defense of entrapment by estoppel is applicable when a government official or agent actively assures a defendant that certain conduct is legal and

> the defendant reasonably relies on that advice and continues or initiates the conduct. . . . The defense is a narrow exception to the general rule that ignorance of the law is no excuse and is based on fundamental fairness concerns of the Due Process Clause. The focus of the inquiry is on the conduct of the government not the intent of the accused.

Id. at 466. The Fifth Circuit held that defendant Spires was not entitled to a jury instruction regarding entrapment by estoppel "because the task force agent [was] not an authorized federal government agent." Id. The Fifth Circuit explained:

> To satisfy the requirements of the defense **when charged with a federal crime**, a defendant is required to show reliance either on a federal government official empowered to render the claimed erroneous advice, or on an authorized agent of the federal government who has been granted the authority from the federal government to render such advice. U.S. v. Brebner, 951 F.2d 1017 (9th Cir.1991); Bruscantini, 761 F.2d 640.

Id. at 466-467 (emphasis added). By his own admission, Viola relied upon advice from a local law enforcement agency, not a federal government official or an authorized agent of the federal government. The entrapment by estoppel defense is simply unavailable to Viola.

Based on the foregoing analysis, the United States' Motion in Limine and Incorporated Memorandum of Law in Opposition to Introduction of "Mistake of Fact" Evidence and To Issuance of Special Jury Instructions (Record Document 82) is hereby **GRANTED**. Admission of the letters for the purpose of proving good faith or mistaken belief would confuse the jury and any special jury instructions as to the meaning of the letters is improper, as the entrapment by estoppel defense is not properly before the jury. If Viola wishes to admit the letters, then he must identify another evidentiary basis to do

so.[3]

        **IT IS SO ORDERED.**

        **THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 26th day of July, 2017.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE

---

[3]Irrespective of the ruling on the mistake of law/entrapment by estoppel defense, the Court holds that the March 2016 letter is irrelevant and inadmissible as the facts underlying the charged conduct in this case occurred in 2015 and January 2016.