UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 15-00253 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| PAUL JOSEPH VIOLA | MAGISTRATE JUDGE WHITEHURST |

**MEMORANDUM ORDER**

Before the Court is a Motion to Recuse (Record Document 86) filed by the defendant, Paul Joseph Viola ("Viola"). Viola seeks recusal of the undersigned pursuant to 28 U.S.C. § 455. For the reasons set forth below, the Motion to Recuse is **DENIED**.

On July 26, 2017, one of the Government's witnesses, Officer Craig Crawford ("Officer Crawford"), notified counsel for the Government that "Judge Hicks was his uncle." Record Document 86-1; Record Document 87. Counsel for the Government informed both the Court and opposing counsel and a telephone status conference was convened. See Record Document 87. The undersigned directed defense counsel to file a Motion to Recuse, which is now before the Court.

Viola has moved for recusal under 28 U.S.C. § 455(a) & (b). Section 455(b)(5)(iv) provides:

[A judge] shall also disqualify himself in the following circumstances:

. . .

(5) He or his spouse, or a person within the *third degree* of relationship to either of them, or the spouse of such a person:

. . .

(iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

28 U.S.C. § 455(b)(5)(iv) (emphasis added). Section 455(d)(2) directs that the degree of relationship is calculated according to the civil law system. In Njie v. Lubbock Cty., Tex., 999 F. Supp. 858, 862 (N.D. Tex. 1998), *aff'd sub nom.,* Njie v. Lubbock Cty., Tex., 200 F.3d 816 (5th Cir. 1999), the court stated:

> According to the civil law system:
>
> [P]arents and children of a deceased are related to him in the first degree. The second degree comprises the grandparents, grandchildren, brothers, and sisters of the deceased. Uncles, aunts, nephews, nieces, and great-grandparents of the deceased are related to him in the third degree. The fourth degree of relationship includes first cousins, great-uncles and great aunts, and great-great-grandparents. The children of a [first] cousin (first cousin once removed), the great-great-uncles and great-great-aunts, and the children of a great-uncle or great aunt are related in the fifth degree. . . .
>
> See 23 Am. Jur. 2d Descent and Distribution § 55 (1983).

Id. at 862. Likewise, the Louisiana Civil Code provides:

> Art. 900. Degrees of relationship
>
> The propinquity of consanguinity is established by the number of generations, and each generation is called a degree.
>
> Art. 901. Direct and collateral relationship
>
> The series of degrees forms the line. The direct line is the series of degrees between persons who descend one from another. The collateral line is the series of degrees between persons who do not descend one from another, but who descend from a common ancestor.
>
> In the direct line, the number of degrees is equal to the number of generations between the heir and the deceased. In the collateral line, the number of degrees is equal to the number of generations between the heir and the common ancestor, plus the number of generations between the common ancestor and the deceased.

La. C.C. Arts. 900-901. Here, Officer Crawford is outside the third degree relationship. He is the child of the trial judge's spouse's first cousin; thus, he is a fifth degree relative.

Section 455(b)(5)(iv) does not require recusal and the Court will now move to Section 455(a).

Section 455(a) provides that "any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The determination under Section 455(a) is objective, "so that what matters is not the reality of bias or prejudice but its appearance." Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 108 S.Ct. 2194 (1988). This objective standard is established with reference to "the well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person." Andrade v. Chojnacki, 338 F.3d 448, 454-455 (5th Cir. 2003). In U.S. v. Jordan, 49 F.3d 152 (5th Cir. 1995), the Fifth Circuit explained:

> The right to a fair and impartial trial is fundamental to the litigant; fundamental to the judiciary is the public's confidence in the impartiality of our judges and the proceedings over which they preside. Justice must satisfy the appearance of justice. This is the very purpose of 28 U.S.C. § 455(a).

Id. at 155-156.

The Court holds that recusal under Section 455(a) is not required in this instance. Officer Crawford is a fifth degree relative of the undersigned's spouse. The undersigned recalls, at most, perhaps ten meetings with Officer Crawford at family gatherings over the course of twenty six years. The Court's relationship with Officer Crawford "is attenuated both personally and in terms of degree." Ellis v. Tupelo Pub. Sch. Dist., No. 1:12-CV-234-SA-DAS, 2013 WL 3280271, at *6 (N.D. Miss. June 27, 2013). The minimal relationship is too far removed to raise a question concerning the undersigned's impartiality and does not create an appearance of impropriety, especially in a criminal trial where the

jury will be the ultimate finder of fact and will assess the credibility of witnesses. See Badeaux v. LeBlanc, No. CIV.A. 04-2287, 2005 WL 3501423, at *10 (W.D. La. Dec. 21, 2005) ("At best, the documents submitted by petitioner demonstrate only that Judge Hebert may be petitioner's eighth degree relative (fourth cousin), an alleged relationship which is clearly too far removed to be of constitutional significance. The relationship would not support recusal under either state or federal law.").

Having fully considered both Viola's argument and the applicable law, the Court finds that a reasonable person, being fully advised of the facts, would not harbor doubts regarding this Court's impartiality based on the fact that the judge's spouse is a fifth degree relative of a law enforcement witness in this matter, particularly when such witness has very little, if any, relationship with the judge.

Accordingly,

**IT IS ORDERED** that Viola's Motion to Recuse (Record Document 86) be and is hereby **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 27th day of July, 2017.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE