UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO.15-00253 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| PAUL JOSEPH VIOLA | MAGISTRATE JUDGE WHITEHURST |

**MEMORANDUM RULING**

Before the Court is Defendant Paul Viola's ("Viola") Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Judgment and Sentence of Court. See Record Document 141. Viola argues he is entitled to relief based upon the Supreme Court's decision in Rehaif v United States, 139 S.Ct. 2191 (2019). The Government opposes the motion. See Record Document 144. Upon review of the record, the Court has determined that this matter can be decided without an evidentiary hearing. For the reasons set forth below, the Court hereby **DENIES** Viola's motion.

**I.   Background.**

On April 12, 2017, a Superseding Indictment was filed charging Viola with two counts of possession of a firearm by a convicted felon and two counts of possession of ammunition by a convicted felon, all in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). See Record Document 62. A jury trial took place July 31, 2017 through August 2, 2017. See Record Documents 92, 94, and 96. At trial, the jury was instructed that to find Viola guilty of the crimes charged, they had to be convinced that the government proved beyond a reasonable doubt that before the defendant possessed the firearm or ammunition, he has been convicted in a court of a crime punishable by imprisonment for a term in excess

of one year.  See Record Document 99.  The jury found Viola guilty of all four counts.  See Record Document 104.

On November 28, 2017, Viola was sentenced to 41 months imprisonment and supervised release for two years.  See Record Document 111.  The United States Court of Appeals for the Fifth Circuit affirmed his conviction and sentence on April 17, 2019.  See Record Document 140.  He was released from Bureau of Prisons custody on December 11, 2020.  Viola is still under a term of supervised release.

## II. Legal Standard.

Section 2255 of Title 28 of the United States Code provides that a federal prisoner serving a court-imposed sentence "may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).  Only a narrow set of claims are cognizable in a Section 2255 motion.  The four bases identified in the statute are: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." Id.  A claim of error that is neither constitutional nor jurisdictional is not cognizable in a Section 2255 proceeding unless the error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." U.S. v. Addonizio, 442 U.S. 178, 185 (1979), quoting Hill v. U.S., 368 U.S. 424, 428 (1962).  Viola's motion takes the first path, that is, his conviction and sentence were in violation of the Constitution or the laws of the United States.

When a Section 2255 motion is filed, the district court must first conduct a preliminary review. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . ." Rules Governing Section 2255 Proceedings, Rule 4(b). An evidentiary hearing must be held "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No evidentiary hearing is required if the prisoner fails to produce any "independent indicia of the likely merit of [his] allegations." U.S. v. Edwards, 442 F.3d 258, 264 (5th Cir. 2006), quoting U.S. v. Cervantes, 132 F.3d 1106, 1110 (5th Cir. 1998).

Ultimately, the petitioner bears the burden of establishing his claims of error by a preponderance of the evidence. See Wright v. U.S., 624 F.2d 557, 558 (5th Cir. 1980). For certain "structural" errors, relief follows automatically once the error is proved. Brecht v. Abrahamson, 507 U.S. 619, 629-630 (1993). For other "trial" errors, the court may grant relief only if the error "had substantial and injurious effect or influence" in determining the outcome of the case. Id. at 637-38 (citation omitted); see also U.S. v. Chavez, 193 F.3d 375, 379 (5th Cir. 1999) (applying Brecht in a Section 2255 proceeding).

Even if a defendant has issues that are constitutional or jurisdictional in nature, he may still be procedurally barred from raising such issues. To raise an issue in the first instance on collateral review, a defendant must first show case, or some external impediment that prevented him from raising the claim on direct appeal. See U.S. v. Flores, 981 F.2d 231, 235 (5th Cir. 1993). A defendant must then meet the actual prejudice test by demonstrating "an actual and substantial disadvantage, infect[ed] his

entire trial with error of constitutional dimension." U.S. v. Shaid, 937 F.2d 228, 232 (5th Cir. 1991). In extraordinary cases "in which a constitutional violation has probably resulted in the conviction of one who is actually innocent," the Supreme Court has recognized a narrow exception to the cause and prejudice test. Id. at 232. Such cases involve "manifest miscarriage[s] of justice" that would result in the continued incarceration of one actually innocent of the offense. Id. If the court finds that the prisoner is entitled to relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

### III.    Analysis.

The sole ground for Viola's motion is the United States Supreme Court decision in Rehaif. In Rehaif, the Supreme Court determined that the government "must show that the defendant knew he possessed a firearm [or ammunition] and also that he knew he had the relevant status when he possessed it" in a prosecution under 18 U.S.C. § 922(g) and 18 U.S.C. § 924(a)(2). Rehaif, 139 S.Ct. at 2191, 2194. Neither the Supreme Court nor the United States Court of Appeals for the Fifth Circuit have addressed the issue of whether Rehaif was made retroactively applicable to cases on collateral review.[1] However, the Eleventh, Second, Third, and Sixth Circuit Courts of Appeals, in addition to numerous district courts – including district courts within the Fifth Circuit and the Western District of Louisiana, have determined that Rehaif is not retroactively applicable to cases

---

[1] In Palmer v. Johnson, 844 F.Appx. 768, 769 (2021), the Fifth Circuit did not reach the issue of whether Rehaif was retroactively applicable to cases on collateral review, instead stating, "Regardless of whether Rehaif applies retroactively to cases on collateral review, Palmer has failed to demonstrate that he was convicted of a nonexistent offense."

on collateral review.  See In re Palacios, 931 F.3d 1314 (11th Cir. 2019); In re Sampson, 954 F.3d 159, 161 (3rd Cir. 2020); Khamisi-El v. U.S., 800 F.App'x 344 (6th Cir. 2020); U.S. v. Kelley, No. 3:18-CR-00147, 2020 WL 2564679, at *2 (W.D. La. May 19, 2020); U.S. v. Benton, No. CR 3:12-00118, 2020 WL 132276, at *2 (W.D. La. Jan. 9, 2020); U.S. v. Saenz, No. 00-09, 2020 WL 1321600, at *2 (S.D. Tex. Mar. 16, 2020); Baker v. U.S., No. 17-CR-382, 2020 WL 1144632, at *3 (W.D. Tex. Mar. 9, 2020); Moore v. U.S., No. 2:19-CV-2572, 2019 WL 4394755, at *1 (W.D. Tenn. Sept. 12, 2019).

In Palacios, the Eleventh Circuit analyzed the issue of whether Rehaif was retroactively applicable to cases on collateral review and stated:

> His claim relies solely on Rehaif, which did not announce a "new rule of constitutional law," but, instead, clarified that, in prosecuting an individual under 18 U.S.C. § 922(g) and 18 U.S.C. § 924(a)(2)—which provides that anyone who "knowingly violates" § 922(g) can be imprisoned for up to 10 years—the government must prove that the defendant knew he violated each of the material elements of § 922(g). Rehaif, 139 S. Ct. at 2195-96 (emphasis added). Moreover, even if Rehaif had announced a new rule of constitutional law, as Palacios concedes in his application, it was not made retroactive to cases on collateral review by the Supreme Court. See Tyler v. Cain, 533 U.S. 656, 661-66, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001).

Palacios, 931 F.3d at 1315.  This Court agrees with the reasoning of Palacios and the other cases referenced above.  Section 2255 collateral relief based upon Rehaif is unavailable to Viola.

Notwithstanding, even if Rehaif is retroactively applicable, Viola's claim is procedurally barred.  Viola has not shown cause for his failure to raise his claim on direct appeal.  When a claim "is so novel that its legal basis is not reasonably available to counsel," then there may be cause for a procedural default.  Bousley v. U.S., 523 U.S. 614, 622-623, 118 S.Ct. 1604, 1611 (1998).  However, that is not the case here.  The

question presented in Rehaif had been repeatedly litigated in the appellate courts and was not a novel issue. Moreover, "futility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time." Id. at 623, 118 S.Ct. at 1611. While it is true that Viola appealed his conviction and challenged the jury instructions used by the trial court, he did not specifically claim that the Court failed to instruct, as now required by Rehaif, that one of the elements of the Section 922 or Section 924 offense is that he knew he was a convicted felon. Rather, the jury instruction issue raised on appeal dealt with Viola's claim that he thought he had been pardoned and could possess a firearm. Thus, Viola is unable to establish cause for his default.

Viola's claim could still be reviewed in this collateral proceeding if he can establish actual innocence. To establish actual innocence, Viola "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley, 523 U.S. at 623, 118 S.Ct. at 1611. "[A]ctual innocence means factual innocence, not mere legal insufficiency." Id. Viola cannot meet this standard, as the evidence presented at trial establishes that he knew he was a felon. In fact, Viola admitted he knew he was a felon; he simply argued that he thought the state pardon permitted him to possess a firearm.

### IV. Conclusion.

Based on the foregoing, Viola has failed to show that Rehaif is retroactively applicable to cases on collateral review. Additionally, even if Rehaif is retroactively applicable, Viola has not shown cause for his procedural default or actual innocence. His Section 2255 motion (Record Document 141) is **DENIED**.

Pursuant to Rule 11(a) of the Rules Governing 2255 proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Rule 11(a) Rule Governing Section 2255 Proceedings for the United States District Courts (emphasis added).  Unless a Circuit Judge or a Circuit or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals.

In this instance, a certificate of appealability is **DENIED** because the applicant has failed to demonstrate a substantial showing of the denial of a constitutional right.  See 28 U.S.C. § 2253(c)(2).

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 24th day of August, 2021.

                                                S. MAURICE HICKS, JR., CHIEF JUDGE
                                                UNITED STATES DISTRICT COURT